IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 09-15-GF-SEH |
| | CV 12-10-GF-SEH |
| Plaintiff/Respondent, | |
| vs. | ORDER DENYING § 2255 MOTION |
| | AND DENYING CERTIFICATE |
| DENISE MARSH CARLSON, | OF APPEALABILITY |
| Defendant/Movant. | |

This case comes before the Court on Defendant/Movant Denise Carlson's motion to vacate, set aside, or correct her sentence, pursuant to 28 U.S.C. § 2255 ("Mot. § 2255"), filed on February 3, 2012. The United States filed an Answer on June 1, 2012. Carlson filed a Reply on June 22, 2012. Carlson is a federal prisoner. She has been represented by counsel throughout the § 2255 proceedings.

On July 31, 2012, Carlson was ordered to "file a response specifically setting forth such facts, if any, that would demonstrate that a reasonable person in her position could reasonably have chosen to go to trial." Order of July 31 (doc. 90) at 3. She responded on August 25, 2012.

## I. Background

Carlson pled guilty to one count of receipt of child pornography, a violation of 18 U.S.C. § 2252A(a)(2). By the plain terms of the statute, she faced a five-year mandatory minimum sentence. *Id.* § 2252A(b)(1). The offense began in 1999 and continued until 2008. Change of Plea Tr. (doc. 54) at 30:1-31:16, 32:2-33:1; Offer of Proof (doc. 15) at 4-5. Based in part on the fact that 139 videos were found among Carlson's CDs and DVDs, Presentence Report ¶¶ 12, 24; U.S.S.G. § 2G2.2(b)(7)(D), Carlson's adjusted offense level was 33. Because she accepted responsibility for her conduct, U.S.S.G. § 3E1.1, the total offense level was 30. Her criminal history category was I. Her advisory sentencing guideline range was 97-121 months. Sentencing Tr. (doc. 55) at 4:13-5:13. She was sentenced to serve 98 months in prison, to be followed by a ten-year term of supervised release. Am. Judgment (doc. 73) at 1-3.

## II. Analysis

Carlson contends that her guilty plea was rendered involuntary because her trial counsel, Herman A. "Chuck" Watson, erroneously advised her that she would likely be sentenced to 18 months in prison, with only an "outside chance" she would serve five years. Carlson Aff. (doc. 81) at 3 ¶ 4. Carlson also alleges that counsel did not

"explain *my* sentencing guideline range at all" before she pled guilty. *Id.* ¶ 6 (emphasis added).

The United States contends that Carlson was aware of both the statutory mandatory minimum terms and the sentencing guidelines because other sources – including the charging documents, United States Magistrate Judge Keith Strong, the plea agreement, and this Court – told Carlson about one or both of them. Answer (doc. 88) at 4-8. Carlson was indeed thoroughly advised. *E.g.*, Plea Agreement (doc. 16-1) at 5 ¶ 7, 13 ¶ 13; Change of Plea Tr. (doc. 54) at 7:19-8:15, 13:13-23, 16:2-17:8, 24:17-25:1.

But defense counsel's role is unique. A lawyer who wrongly advises a client that a "five-year mandatory minimum" is not mandatory and may be less than five years seriously undermines the effect of other advisements, no matter how unambiguous. "[F]ederal courts cannot fairly adopt a per se rule excluding all possibility that a defendant's representations at the time his guilty plea was accepted were so much the product of such factors as . . . misrepresentation by others as to make the guilty plea a constitutionally inadequate basis for imprisonment." *Blackledge v. Allison*, 431 U.S. 63, 75 (1977). Further, a client is entitled to rely on counsel's advice tailored to the circumstances of the defendant's case. *Von Moltke*

v. *Gillies*, 332 U.S. 708, 721 (1948). The Court accepts, therefore, Carlson's allegation that counsel grossly mischaracterized her likely sentence and that, when she pled guilty, she expected to receive a sentence of 18 months.

But Carlson's claim is governed by the two-pronged test of *Strickland v. Washington*, 466 U.S. 668 (1984). She must show both that counsel's performance fell below an objective standard of reasonableness, *id.* at 687-88, and that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694. In the context of a guilty plea, Carlson must show that "there is a reasonable probability that, but for counsel's errors, [s]he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Here, counsel's alleged advice about Carlson's likely sentence was unreasonable and unprofessional. Yet "a mere inaccurate prediction, standing alone, would not constitute ineffective assistance." *Iaea v. Sunn*, 800 F.2d 861, 865 (9th Cir. 1986). The *Iaea* court found deficient performance because "gross mischaracterization of the likely outcome" was "combined with . . . erroneous advice on the possible effects of going to trial." It remanded the case for a hearing on the issue of prejudice. *Id.* at 865-66. And, in *Hill*, 474 U.S. at 59-60, the Court explained

that the determination of prejudice depends on whether competent counsel's advice as to the choice between a guilty plea and trial would have been different. *See also Evans v. Meyer*, 742 F.2d 371, 375 (7th Cir. 1984), *quoted in Hill*, 474 U.S. at 59-60.

Because neither Carlson's initial filings nor her Reply to the Answer adequately alleged prejudice, she was given an opportunity to articulate a reasonable probability she would not have pled guilty if she had known her likely advisory guideline range was 97-121 months with a guilty plea and 135-168 months if she were convicted at trial. While the choice between pleading guilty and going to trial is the defendant's, both *Strickland*, 466 U.S. at 694-95, and *Hill*, 474 U.S. at 60, explain that the prejudice inquiry is objective. Thus, such factors as the strength of the prosecution's case or the availability of a defense are important. Where the proof is strong and there is no identifiable defense, it is not reasonably probable that a reasonable defendant will forego a concrete sentencing advantage, *e.g.*, U.S.S.G. § 3E1.1,[1] made available by a guilty plea. *See, e.g., Chacon v. Wood*, 36 F.3d 1459, 1464 (9th Cir. 1994) (noting that "the record contains ample evidence to demonstrate" petitioner "was very reluctant to testify" and "may have 'placed

---

[1] Carlson states that she was not aware she could, in some circumstances, obtain credit for acceptance of responsibility even if she went to trial. Those are "rare situations," however, U.S.S.G. § 3E1.1 cmt. n.2, and Carlson provides no reason to think she might qualify.

particular reliance on erroneous advice in deciding whether or not to plead guilty'") (quoting *Iaea*, 800 F.2d at 865), *superseded on other grounds by* 28 U.S.C. § 2253(c); *United States v. Garcia*, 909 F.2d 1346, 1348 (9th Cir. 1990) (affirming denial of motion to withdraw guilty plea where counsel told defendant "he would serve no more than" 96 months and defendant was sentenced to 235 months). *See also Wyatt v. United States*, 574 F.3d 455, 458-59 & n.2 (7th Cir. 2009) (denying relief where defendant did not show that counsel's sentencing advice "was a decisive factor in his decision" to plead guilty); *United States v. Quiroga*, 554 F.3d 1150, 1155-56 (8th Cir. 2009) (surveying "abundant circuit precedent" holding that "inaccurate advice of counsel about the sentencing guidelines or likely punishment does not render involuntary a defendant's decision to plead guilty, so long as the defendant is informed of the maximum possible sentence permitted by statute and the court's ability to sentence within that range."). A defendant must show gross mischaracterization *plus* something that makes trial a reasonable option or a guilty plea an unreasonable option. As Carlson herself recognizes, gross mischaracterization, by itself, is not enough. *E.g.*, Br. in Supp. (doc. 80) at 8.

In response to the Order of July 31, Carlson alleges that, had she been correctly advised about her likely sentence, she would have challenged the Court's jurisdiction

and "would have moved to suppress the alleged evidence obtained at my residence." Carlson Decl. (doc. 95) at 2 ¶ 7(a)-(b). The merit of such motions is wholly independent of the prospective sentence. Carlson does not claim these motions had merit or that counsel wrongly told her they did not. Lack of jurisdiction would be an independent ground for relief under 28 U.S.C. § 2255(a), but Carlson does not allege it. Nor does she articulate any relationship between the contemplated suppression motion and her guilty plea. The written plea agreement did not require her to waive such a motion. She does not allege that she waived a motion in reliance on the "judicial panel" (that is, presumably the prosecution) pursuing a reduced charge. *See* Letter (doc. 81-3) at 2. She had every incentive, and no disincentive, to file such motions regardless of whether she pled guilty or went to trial. Carlson also mentions challenges to the sentencing enhancements. Reply at 2 ¶ 7(c)-(d). They, too, bear no relation to her choice between pleading guilty and going to trial. Those enhancements could have been contested regardless of how she arrived at the point of sentencing. Plea Agreement at 11-13 ¶ 13.

Moreover, Carlson provides no reason to believe the proof against her was weak. On the face of the record, counsel's belief that the United States "[a]bsolutely" could "put on a case consistent with" its Offer of Proof, Change of Plea Tr. at 32:23-

33:1, was reasonable. The Offer of Proof states that federal agents would testify that Carlson's husband and minor children all stated they did not use file-sharing software and that Carlson herself told the agents that she downloaded hundreds of child pornography videos from Limewire over a period of ten years. Offer of Proof at 4. Carlson agreed with this statement at her change of plea hearing. Change of Plea Tr. at 31:24-32:22. Nothing in her § 2255 filings undermines or qualifies her previous endorsement. No defense was abandoned in reliance on counsel's advice about the sentence. Counsel's advice did not lead her to reject a plea offer more favorable than the one she ultimately accepted, *Missouri v. Frye*, __ U.S. __, 132 S. Ct. 1399 (2012), or deprive her of the benefit of her plea bargain, *United States v. Manzo*, 675 F.3d 1204, 1210 (9th Cir. 2012). Her declaration shows only that the "idiosyncracies of the particular decisionmaker," *Strickland*, 466 U.S. at 695, *quoted in Hill*, 474 U.S. at 60, favored trial. Other than the merely theoretical possibility of an acquittal, she articulates nothing she would have gained by going to trial and nothing she lost by pleading guilty. Her claim is speculative.

The Court can only conclude there is no reasonable probability Carlson would have opted for trial if she had known her likely sentence was not 18 months but somewhere between 97 and 168 months. The Court assumes her representations are

sincere, but the *Strickland/Hill* analysis is objective and retrospective. Her sincerity now does not illuminate the situation at the time she entered her plea. Even if all the facts Carlson alleges are true, they do not support relief under *Strickland*, *Hill*, and *Iaea*. No evidentiary hearing is necessary. *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996) (citing *Baumann v. United States*, 692 F.2d 565, 571 (9th Cir. 1982)). The § 2255 motion is denied.

### III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Although Carlson has been represented by counsel throughout the § 2255 proceedings, she was given an additional opportunity to allege additional facts in

support of her claim. But she fails to allege facts that, if true, would demonstrate a reasonable probability that she would have chosen to go to trial if she had been correctly advised about her sentencing exposure. Therefore, she does not make a substantial showing that she was deprived of the effective assistance of counsel in her choice between pleading guilty and going to trial. A COA is not warranted.

**ORDERED:**

1. Carlson's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (docs. 79, 82) is DENIED;

2. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Carlson files a Notice of Appeal;

3. The Clerk of Court shall ensure that all pending motions in this case and in CV 12-10-GF-SEH are terminated and shall close the civil file by entering judgment in favor of the United States and against Carlson.

DATED this 6th day of November, 2012.

Sam E. Haddon
United States District Court